# N. Y. MARINE COURT.

JAMES P. KERNOCHAN, as trustee, and another agt. JOHN B. BLAND and another.

*Joint debtors — proceedings against — Parties not summoned in action on joint contract may be summoned after judgment — Code of Procedure, sections 375-379 — Time of service, twenty days.*

The proceeding provided for by section 375 of the Code of Procedure to bind a joint debtor not originally summoned is a special statutory proceeding, and a party defendant is entitled to twenty days' notice, and this although the suit be in the marine court.

*Special Term, May,* 1880.

*W. H. Sage,* for plaintiff.

*M. M. Budlong,* for defendant.

THIS was a motion to vacate a judgment. It appeared that on May 14, 1879, judgment had been entered herein for $220.42 against one of the defendants. On March 8, 1880, the defendant, John B. Bland, who was never served with the original summons, was served, under the provisions of section 375 of the old Code, with a summons to show cause within six days why he should not be bound by the judgment as a joint debtor. On March 16, 1880, judgment was entered against him for $261.51, he having taken no notice of the summons. Execution was thereupon issued to the sheriff who having returned the same unsatisfied, an order for the examination of the defendant, John B. Bland, was obtained and served. He then made this motion to vacate and set aside the judgment entered against him on March sixteenth, and the execution and order on the ground that the summons required him to show cause within six days instead of twenty.

Plaintiff's attorney claiming that the summons in this court being returnable in six days the practice was regular, while the defendant's attorney claimed that this was a statutory proceeding to bind a joint debtor and must be strictly pursued.

SHEA, *Ch. J.* — The judgment entered by notice, under the sections 375 and 379, against the joint debtor not served with the original summons is irregular; that proceeding is special and the party defendant is entitled to twenty days' notice. The auxiliary judgment must, therefore, be vacated as to him.

No costs awarded it being a new point of practice.